U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 AUG 19 P 2: 12

CLERK
BY [signature]
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| LUIS REGIL JESUS, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 2:23-cv-34 |
| JOSEPH B. EDLOW,[1] Director of U.S. Citizenship and Immigration Services, | ) | |
| Defendant. | ) | |

**ENTRY ORDER**

This case, brought under the Administrative Procedures Act ("APA"), 5 U.S.C. § 500 et seq., concerns U.S. Citizenship and Immigration Services' ("USCIS") failure to issue waiting list decisions on Plaintiffs' pending U nonimmigrant status applications. The parties have filed cross motions for summary judgment. (Docs. 87, 88.) In support of its argument that Plaintiffs' have not suffered any injury for standing purposes, USCIS relies on the declaration of Sharon Orise, the Adjudications Division Chief for the Service Center Operations Directorate. (Doc. 49-1.) Plaintiffs ask the court to disregard the declaration, which is not part of the certified administrative record.

Although "[r]eview of agency action under the APA is generally 'limited to examining the administrative record,'" *Farm Sanctuary v. U.S. Dep't of Agriculture*, 664 F. Supp. 3d 334, 346 (W.D.N.Y. 2023) (quoting *Riverkeeper, Inc. v. EPA*, 358 F.3d 174, 184 (2d Cir. 2004)), the

[1] Plaintiffs originally instituted this action against Ur M. Jaddou, then Director of the United States Citizenship and Immigration Services. Joseph B. Edlow has since replaced Director Jaddou as Director. Under Fed. R. Civ. P. 25(d) a public "officer's successor is automatically substituted as a party."

court will consider the Orise declaration because it speaks to an important factual issue regarding Plaintiffs' standing to sue. *See New York v. Scalia*, 490 F. Supp. 3d 748, 767 (S.D.N.Y. 2020) ("Although judicial review of agency action is typically confined to the administrative record, where there is insufficient evidence of standing in the record because the question was not before the agency, plaintiffs may submit extra-record evidence to establish standing." (cleaned up)). And, while the court will not afford Plaintiffs the opportunity to engage in discovery, the court ORDERS that Plaintiffs may submit any evidence in their possession that supports their argument that members of the waiting list may obtain advance parole or that members of the waiting list originally approved while in the United States may receive parole after they have gone abroad. Plaintiffs must submit any such evidence within 30 days of this order.

Dated at Burlington, in the District of Vermont, this 19th day of August, 2026.

Geoffrey W. Crawford, Judge
United States District Court